*Burnam, for appellee.*

---

A. J. BEAL *v.* JOHN LAMPKINS.

**Bills and Notes—Signing Note on Back Instead of End—Presumption—Insolvency of Obligor.**

Where a party writes his name across the back of a note instead of signing it at the end, it will be presumed that he intended to become bound as an endorser or guarantor and not as a co-obligor, and in that case the payee has no cause of action against him until he has prosecuted the obligor to insolvency.

APPEAL FROM MARION CIRCUIT COURT.

Reversed October 13, 1871.

OPINION BY JUDGE LINDSAY:

The name of the appellant A. J. Beal having been written across the back of Carter's note instead of signed at the close of it, the legal presumption is that he intended to become bound as an endorser or guarantor, and not as a co-obligor with Carter. To escape this presumption appellee by his amended an-

swer charges that Beal's name was thus written because there was not room at the close of the note, but that he so signed it in pursuance to a contract between appellee and Carter, intending thereby to bind himself as a co-obligor. It is these allegations which make the petition good, and upon the truth of the same depends appellee's right to recover against Beal in this action. Appellant by his answer denies any knowledge, information or belief as to the alleged agreement between appellee and Carter. He denies that he undertook to be bound on the note as a co-obligor or that he signed his name on the back of it with any such intention, and alleges that his intention was to bind himself as an endorser or assignor and in no other way.

If this answer be true, appellee can have no cause of action against Beal until with proper diligence he prosecutes Carter to insolvency. The court erred in sustaining appellee's demurrer. Judgment is reversed and this cause remanded with instructions to overrule said demurrer and for further proceedings consistent with this opinion.

*Harrison, for appellant.*

*Lindsay, for appellee.*